■ NORTON MALONEY, Respondent, v. JEFFREY ENSIGN, Defendant, and AVIS RENT-A-CAR SYSTEM, INC., Appellant. —Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: On March 12, 1970, on West Main Street in the City of Rochester, plaintiff was allegedly struck by an automobile owned by defendant Avis Rent-A-Car System, Inc. and operated by defendant Jeffrey Ensign. On February 9, 1973, plaintiff attempted to serve process on Ensign pursuant to section 253 of the Vehicle and Traffic Law by mailing one copy of the summons and complaint to the Secretary of State and another to Ensign's last known address at 14 Caroline Terrace, Roselle, New Jersey by certified mail, return receipt requested. The letter was returned with the notation that the defendant had moved and left no forwarding address. Plaintiff obtained an order to show cause why mailing a copy of the summons and complaint to Avis by certified mail should not be deemed adequate service upon Ensign pursuant to CPLR 308 (subd. 5). After a hearing at which Avis appeared, Special Term found that service under CPLR 308 (subds. 1, 2 or 4), was impracticable and, therefore, ordered that service be effected upon Ensign by mailing a copy of the summons and complaint to Avis Rent-A-Car by certified mail. CPLR 308 (subd. 5), gives the courts broad discretion to fashion proper methods of notice in unpredictable circumstances (*Dobkin* v. *Chapman*, 21 N Y 2d 490, 498–499). This power is limited by due process which requires that the method chosen must be reasonably calculated, under all the circumstances, to apprise the defendant of the pending lawsuit (*Mullane* v. *Central Hanover Trust Co.*, 339 U. S. 306, 314). However, insistence upon actual notice is not necessary where such a requirement would be unfair to plaintiffs and harmful to the public interest (*Dobkin* v. *Chapman*, 21 N Y 2d 490, 503, *supra*). Certified mailing of the summons and complaint to Avis Rent-A-Car was a method of service reasonably calculated to apprise Ensign of the pendency of the action and was properly ordered by Special Term. However, to assure that every effort has been used to effect service, a copy of the summons and complaint should again be mailed to Ensign's last known address as was done in *Dobkin* (21 N Y 2d 490, *supra*). (Appeal from order of Monroe Special Term directing service by mail.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Simons, JJ.