OPINION OF THE COURT
Louis B. Scheinman, J.
Defendant moves by order to show cause to vacate the default judgment entered against her herein.
This is an action to recover a bill for the hospitalization of defendant at plaintiff hospital in December, 1975. The action was commenced on March 17, 1977 by substituted service under CPLR 308 (subd 2). Plaintiff caused a summons to be served upon defendant’s coworker at her place of employment and also mailed a summons to defendant’s last known residence.
Defendant contends that the coworker served was not a "person of suitable age and discretion” since there are over 200 employees at the place of business, and defendant hardly knew the person served, and that defendant was never told by said person of such service. It is further contended that the "last known residence” used by plaintiff for mailing purposes was defendant’s address at the time of the hospitalization at *126 issue. Defendant alleges that since December, 1975 she has moved twice, at all times informing her employer of her current address. Thus, it is contended she never received any notice of this action until an income execution was levied against her wages.
Plaintiff contends that it complied with the literal requirements of CPLR 308 (subd 2) and thus proper service was made.
This court finds that under the particular circumstances herein, proper service was not made upon defendant and thus the action must be dismissed. Plaintiff elected to mail the summons to the address given by defendant in the hospital record 16 months before the action was commenced. When the process server went to defendant’s place of employment to serve defendant, her then present residence could have been easily ascertained from her employer. Instead, the summons was mailed to an address defendant had vacated some 16 months previous.
The purpose of CPLR 308 (subd 2) is to afford defendant fair notice while not placing unreasonable burdens on a plaintiff wishing to commence an action. (See 1 Weinstein-Korn-Miller, NY Civ Prac, par 308.13.) Here, said purpose was not accomplished since with a minimum of effort plaintiff could have discovered defendant’s current residence and thus could have given fair notice by mailing the summons to said residence. While the statute does not require an exhaustive investigation to be made by plaintiff, something more than using an old address plaintiff may have for a defendant should be required.
Due process requires that the method chosen to serve process must be reasonably calculated, under all the circumstances, to apprise defendant of the pending lawsuit (Mullane v Central Hanover Trust Co., 339 US 306, 314; Maloney v Ensign, 43 AD2d 902).
The plaintiff "was constitutionally obliged to make at least a good faith effort to” ascertain a current address, available from the employer, whom plaintiff did find. (See Schroeder v City of New York, 371 US 208, 214.)
Accordingly, the motion is granted.