OPINION OF THE COURT
Stanley Gartenstein, J.
The within proceeding to terminate the parental rights of the respondent natural father to the infant Clarisse S. has been marked for inquest predicated upon his default in appearance.
Service of the summons was effectuated by publication in accordance with the formalities set forth in Family Court Act § 617 and CPLR 316.
Upon being presented with this cause for inquest it was called to the court’s attention that the summons was published against the natural father while the verified petition upon which the order authorizing publication was based contained a typographical error and referred to abandonment of the subject infant by the natural mother. A ruling concerning the court’s jurisdiction has been requested.
The authority to order service of process by publication in proceedings involving termination of parental rights derives from Social Services Law § 384-b (3) (e) which makes applicable the provisions of Family Court Act § 617. This latter statute (cf. subd [d]), authorizes service by publication in accordance with *867 the formalities set forth in CPLR 316 with the sole exception that a single publication in one newspaper is sufficient under the Family Court Act.
It has been held that in order to justify service of a summons by publication, a legally sufficient complaint must be submitted and pass judicial scrutiny (Ebsary Gypsum Co. v Ruby, 256 NY 406; Kravetz v McNutt, 133 NYS2d 301, affd 284 App Div 869). The petition herein, equivalent to a complaint, if read without amendment, fails, even if solely attributable to a typographical error, to state a cause of action against the named respondent father.
Notwithstanding the foregoing, the court holds jurisdiction to have been perfected. The constitutional rationale supporting service by publication is based upon the reality that a person having a substantial interest in a res within this State may reasonably be said to have received notice of an action when that res has been encumbered or seized by attachment or otherwise (cf. Pennoyer v Neff, 95 US 714). This State has in fact held that the constitutional minimum simply requires that the State act reasonably (Dobkin v Chapman, 21 NY2d 490). Reasonableness requires a likelihood that a defendant will learn of an action; it includes a panoply of diverse factors ranging from the interest of the State in adjudicating the controversy to the conduct of defendant (cf. McLaughlin, Practice Commentaries, McKinney’s Laws of NY, Book 7B, CPLR C315:l, p 329). Once the threshold standard of reasonableness has been reached with regard to preliminary jurisdiction, it is in order to make inquiry if, assuming proper notice, a defendant will be led not to contest an action because the complaint filed against him fails to state a cause of action.
This court finds a significant distinction between civil cases in which jurisdiction by publication failed because of a lack of a legally sufficient complaint and termination proceedings in the Family Court. In civil matters, the docket of proceedings is a matter of public record thus giving rise to justifiable concern that a defendant who did in fact receive notice might have been misled into not defending the action in reliance upon the existence of a legally insufficient complaint. Clearly this reasoning does not apply to Family Court records which are sealed. Had there been an inspection of the docket in question, that fact itself would be a matter of public record. Failing same, it cannot be conjected that a respondent might have been misled by a defective petition on file which he could not possibly have seen.
*868 It is obviously the intention of the Legislature to expedite termination proceedings on the one hand (cf. Social Services Law § 384-b [1] [b]); and on the other (cf. Family Ct Act § 617 [d]), to relax the technicalities surrounding service by publication based upon the self-evident reality that the parent of a child who had even the slightest interest would certainly have received notice thereof by the mere fact that a petitioning childcare agency suspends visitation during the pendency of litigation. The unfortunate reality is that most often, as here, these children have been abandoned and the parent could not care less.
The inquest shall go forward on default. The petition is amended to substitute the word “father” for “mother”.