OPINION OF THE COURT
Harold Baer, Jr., J.
Respondent in this matter was arrested for criminal posses *1060 sion of a controlled substance, a felony, and possession with intent to sell. In connection with the arrest, respondent’s 1987 Nissan automobile was seized. Respondent’s case was ultimately dismissed for failure to prosecute.
The petitioner, the Property Clerk of the New York City Police Department, moves to reargue its application for forfeiture of respondent’s vehicle on the ground that personal jurisdiction was obtained over the respondent pursuant to Administrative Code of the City of New York § 14-140 and Public Health Law § 3388. Respondent appeared in opposition claiming that personal jurisdiction was not obtained pursuant to Public Health Law § 3388, which supersedes the Administrative Code. On the initial motion, the court ruled that since service had not been made in compliance with Public Health Law § 3388 and petitioner had failed to provide support for its implicit contention that service pursuant to CPLR 308 (2) is a satisfactory substitute, the petition should be dismissed. The petitioner has now presented an argument on this point.
Petitioner contends that reargument is appropriate here because the court misapprehended the interrelationship between service under the Administrative Code and that under the Public Health Law. Further, petitioner asserts that service requirements of the latter should not in any event invalidate the service that was accomplished here. Petitioner could perhaps have assisted the court by presenting these arguments in greater detail initially. Nevertheless, upon further reflection, the court is of the view that a misapprehension of service requirements and their ramifications in this area occurred in the court’s initial decision. It is in the interests of justice that this issue be reconsidered. I therefore grant the motion to reargue. (See, Delcrete Corp. v Kling, 67 AD2d 1099 [4th Dept 1979].)
Petitioner seeks to retain possession of the car based on section 14-140 (b) and (e) of the Administrative Code and on section 3388 (1) (b) and (c) of the Public Health Law. These provisions authorize the police to keep a vehicle or other property that was used as a means of committing a crime. The Public Health Law requires that the conduct in connection with which the vehicle was used be a felony involving controlled substance. The Administrative Code gives no specific directions regarding section 14-140 forfeiture proceedings. In an order issued after remand in McClendon v Rosetti (369 F Supp 1391 [SD NY 1974]), however, Judge Lasker set up guidelines for the police department to follow. Within 90 days *1061 after the District Attorney issues a release on the property or within 90 days after termination of criminal proceedings, the owner of noncontraband property must submit a demand for such property to the property clerk. If there is reasonable cause to believe the property was an instrumentality used in a crime, the police may refuse to return it and may initiate a forfeiture suit within 10 days of receipt of the demand. Notice of the proceeding with a statement of the grounds must be given to the claimant. The claimant must also "be given adequate opportunity to be heard within a reasonable period.” There is no further directive concerning notice or methods of obtaining personal jurisdiction. Section 3388 (5) of the Public Health Law requires that a property owner must be served personally or by registered mail and publication.
In the case at bar, the petitioner claims to have served the respondent with a petition for forfeiture pursuant to CPLR 308 (2). A true copy of the petition allegedly was served on a person of suitable age and discretion (i.e., his mother) at respondent’s last known address and a copy of the papers was mailed thereafter. Respondent complains that he was not served personally nor did he receive a copy of the papers by mail. The respondent argues that personal jurisdiction was not obtained because petitioner admittedly failed to follow the notice requirements of the Public Health Law. The petitioner contends that service under CPLR 308 (2) comports with the directives of the Administrative Code and provides a higher form of notice than the Public Health Law requires. Satisfaction of CPLR 308 (2), therefore, should, petitioner contends, be a sufficient basis for jurisdiction.
The Public Health Law clearly supersedes provisions of the Administrative Code in a case in which a forfeiture is sought of a vehicle allegedly used to conceal or transport controlled substances. The Administrative Code is part of the New York City rules and regulations promulgated pursuant to the Municipal Home Rule Law. The Municipal Home Rule Law grants general powers to local governments to adopt and amend laws. Local laws cannot, however, be "inconsistent” with "general laws”. The Municipal Home Rule Law defines "general law” as a State statute. Case law states that "inconsistent” does not mean different. Rather, it means that local laws cannot contradict or be incompatible with the general laws of the State. (Town of Clifton Park v C. P. Enters., 45 AD2d 96 [3d Dept 1974].) Thus, if the Administrative Code contained service provisions inconsistent with the Public *1062 Health Law, the latter would govern. I note that the Public Health Law is narrower in its focus than the Administrative Code section, dealing as it does only with vehicles, vessels or aircraft that were used in drug-related felonies. The Administrative Code, on the other hand, applies to property used in aid or furtherance of crime or that is the proceeds of crime. In the event of a conflict, a court must follow the dictates of a State statute specifically tailored and restricted rather than the broader regulation of a local government. CPLR 308 (2) also would in the normal course seem not to take precedence over the Public Health Law. The former is, of course, a general service provision covering civil actions, whereas section 3388 is an enactment directed at a specific kind of legal controversy. The intention of the Legislature in enacting this section was to provide a particular method of handling service with respect to forfeitures by alleged felons accused of a crime involving a controlled substance and with regard to specific property and normally it would supersede a general service statute such as CPLR 308 (2). There is, however, a sound and persuasive reason why reliance upon CPLR 308 (2) instead of Public Health Law § 3388 (5) should and does constitute valid service.
As a general proposition, service requirements are to be strictly followed. Thus, if a summons and complaint were delivered as required by CPLR 308 (2) but not mailed, service would be invalid even if it is conceded that the defendant received actual notice of the action. Here, however, the service specified in CPLR 308 (2) provides a higher form of notice than does the Public Health Law. Whereas the latter permits mailing and publication, the former requires mailing and actual delivery of the papers to a presumably mature and serious person at the home of the defendant. Notice is the aim of service and notice is more likely to be achieved when service is made in compliance with CPLR 308 (2). At the same time it should be noted that reliance on the CPLR section especially in situations such as the one at bar will likely spawn more traverse hearings since there is no documentary evidence of service and the controversy will likely degenerate into a “swearing match”.
The United States Supreme Court has determined that due process requires that the method chosen to serve process must be reasonably calculated to apprise a defendant of the pending lawsuit. (Mullane v Central Hanover Trust Co., 339 US 306 [1949]; see, Maloney v Ensign, 43 AD2d 902 [4th Dept 1974]; *1063 Community Gen. Hosp. v Baker, 93 Misc 2d 124 [Sullivan County Ct 1978].) The method used by petitioner provided a more effective way of securing the claimant’s 14th Amendment rights and, having so found, I conclude that the use of CPLR 308 (2) provides a sufficient basis for jurisdiction.
The last issue addressed by the papers concerns petitioner’s right to bring this forfeiture proceeding. The respondent claims that the proceeding should be dismissed because respondent was acquitted. The Appellate Division, First Department, however, has held that "[t]he dismissal of criminal charges is not determinative of the issues to be resolved in a civil forfeiture proceeding”. (Property Clerk of N. Y. City Police Dept. v Hurlston, 104 AD2d 312, 313 [1st Dept 1984].) The petitioner, therefore, is not precluded from bringing suit.
Since petitioner claims to have complied with CPLR 308 (2) but respondent insists that he never received the papers via the mail as required by that section, a question of fact remains.* The matter is therefore referred to a Referee to hear and report on this issue. Petitioner is directed to serve a copy of this opinion upon the Legal Support Office (room 311) to arrange for the assignment of a Referee.

 Respondent of course had actual notice of the proceeding. It appears from the wording of respondent’s papers that though he claims not to have received the petition in the mail, he obtained a copy of it from his mother.