■ In the Matter of JOHN PAUL M., a Child Alleged to be Abandoned. LUZ M., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. [638 NYS2d 638]

Family Court properly ordered service of process upon respondent by publication, as petitioner established that it was not possible to serve her any other way, first having looked for her at her last known address, and then having conducted a diligent search that included contacting 34 different City, State and Federal agencies and municipal hospitals (*see, Franklin v Winard*, 189 AD2d 717; *Dobkin v Chapman*, 21 NY2d 490, 502). It is also significant that it was respondent's own conduct in failing to provide petitioner with her address or telephone number that necessitated the resort to such service (*see, Liebe-*

*skind v Liebeskind*, 86 AD2d 207, 210, *affd* 58 NY2d 858). It does not avail respondent as an excuse for her default that she did not receive actual notice of the proceedings, since she never informed petitioner of her whereabouts. In any event, respondent's vague assertions of having regularly visited the child, which do not set forth even one precise date, and her attempts to otherwise challenge the record made at inquest demonstrating her abandonment of the child, were inadequate to show a meritorious defense (*see, Matter of Celeste M.*, 180 AD2d 437, 438). Concur—Ellerin, J. P., Rubin, Ross, Williams and Tom, JJ.