■ DIANA L. HARKNESS, Appellant, et al., Plaintiff, v DAVID DOE, Respondent. (Appeal No. 1.) [689 NYS2d 586] —Order reversed on the law with costs, motion denied and order reinstated. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Diana L. Harkness (plaintiff) in an automobile accident. The complaint alleges that defendant was driving plaintiff's automobile when it left the road and struck a tree. Defendant allegedly fled the scene immediately after the collision. Because plaintiffs knew only that defendant's first name was David, they identified defendant as David Doe in the summons and complaint (*see,* CPLR 1024). After the summons and complaint were filed, plaintiffs moved for an order directing the manner of service upon defendant pursuant to CPLR 308 (5). In support of the motion, plaintiffs submitted evidence detailing their efforts to identify and locate defendant. Supreme Court (Pigott, Jr., J.) granted the motion and directed service by registered mail upon plaintiff's insurance carrier and by publication once a week for three consecutive weeks in two newspapers in Monroe County, where defendant was believed to be employed, and one newspaper in Wyoming County, where the accident occurred.

Attorneys retained by plaintiff's insurance carrier moved in the name of defendant to vacate that order on the ground that the service directed by the court was not reasonably calculated

to give defendant notice of the pending action. Supreme Court (Dillon, J.) erred in granting that motion. CPLR 308 (5) gives a court "broad discretion to fashion proper methods of notice in unpredictable circumstances" (*Maloney v Ensign*, 43 AD2d 902). Exercise of that discretion "is limited by due process which requires that the method chosen must be reasonably calculated, under all the circumstances, to apprise the defendant of the pending lawsuit" (*Maloney v Ensign, supra*, at 902). In order to be constitutionally adequate, the method of service need not guarantee that the defendant will receive actual notice (*see, Bossuk v Steinberg*, 58 NY2d 916, 918; *Dobkin v Chapman*, 21 NY2d 490, 501-503). Indeed, "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 317; *see, Walker v City of Hutchinson*, 352 US 112, 115-116; *Dobkin v Chapman, supra*, at 502). After considering "the plaintiff[s'] need, the public interest, the reasonableness of the plaintiff[s'] efforts under all the circumstances to inform the defendant, and the availability of other safeguards for the defendant's interests", we conclude that the method of service directed by Justice Pigott is reasonably calculated to apprise defendant of the pending lawsuit and thus satisfies due process (*Dobkin v Chapman, supra*, at 503; *see, Gibson v Salvatore*, 102 AD2d 861, 862-863; *Maloney v Ensign, supra*).

· All concur except Lawton, J., who dissents and votes to affirm in the following memorandum.

Lawton, J. (dissenting). I respectfully dissent. While the Legislature has prescribed methods for service upon identifiable defendants, there is no prescribed method for service upon unidentifiable defendants (*see,* CPLR art 3). CPLR 1024 is not to the contrary. Although CPLR 1024 permits naming an unknown party in an action, it does not set forth a method for obtaining jurisdiction over that party. That section is primarily used for Statute of Limitations purposes (*see, Luckern v Lyonsdale Energy Ltd. Partnership*, 229 AD2d 249). Indeed, CPLR 1024 is usually used in actions where there are known and unknown parties. No case has been cited wherein a judgment was entered against an unknown or unidentifiable defendant in an action pursuant to CPLR 1024. Rather, in CPLR 1024 cases subsequent personal service upon an unknown defendant is required once the identity of that defendant becomes known (*see, e.g., Luckern v Lyonsdale Energy Ltd. Partnership, supra*, at 255-256).

Moreover, while the Legislature has enacted legislation to

assist parties injured in automobile accidents to recover against known but unavailable nonresident defendants (*see*, Vehicle and Traffic Law § 253), there is no corresponding legislation for service upon unknown parties. Additionally, the Legislature has provided remedies for persons injured in motor vehicle accidents caused by unknown parties when it enacted Motor Vehicle Accident Indemnification Corporation and no-fault legislation (*see*, Insurance Law § 5201 *et seq.*). Consequently, there is no need to fashion the extraordinary relief granted here. It is not unreasonable to require a person seeking a money judgment for injuries received in a motor vehicle accident to identify the individual against whom he or she is seeking that judgment.

Finally, on a practical note, the relief sought by plaintiffs should be precluded because there is no procedure for recording a money judgment against an unknown defendant, nor indeed could such a judgment be enforced. I would therefore affirm. (Appeal from Order of Supreme Court, Wyoming County, Dillon, J.—Vacate Order.) Present—Denman, P. J., Green, Pine, Lawton and Hurlbutt, JJ.