# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**359**

**CA 12-00271**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

SAMAN SAFADJOU, PLAINTIFF-RESPONDENT,

                V                            MEMORANDUM AND ORDER

AZINE MOHAMMADI, DEFENDANT-APPELLANT.
(APPEAL NO. 3.)

---

THOMAS N. MARTIN, ROCHESTER, FOR DEFENDANT-APPELLANT.

MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered March 8, 2011. The judgment, inter alia, granted plaintiff a divorce and awarded plaintiff sole custody of the parties' child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In these consolidated appeals arising from a matrimonial action, defendant contends that Supreme Court erred in ordering service of the summons with notice by email. We note at the outset that the orders from which defendant appeals, in appeal Nos. 1 and 2, are subsumed in the final judgment of divorce, which is the subject of appeal No. 3, and thus appeal Nos. 1 and 2 must be dismissed (*see Rooney v Rooney* [appeal No. 3], 92 AD3d 1294, 1295, *lv denied* 19 NY3d 810; *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 989). With respect to appeal No. 3, we conclude that the court properly permitted plaintiff to serve defendant via email, and we therefore affirm.

"CPLR 308 (5) vests a court with the discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308 (1), (2), and (4) are 'impracticable' " (*Astrologo v Serra*, 240 AD2d 606, 606; *see Matter of Kaila B.*, 64 AD3d 647, 648; *see generally Harkness v Doe*, 261 AD2d 846, 847). "Although the impractability standard is not capable of easy definition" (*Astrologo*, 240 AD2d at 606 [internal quotation marks omitted]), "[a] showing of impracticability under CPLR 308 (5) does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to subdivisions (1), (2) or (4) of CPLR 308" (*Franklin v Winard*, 189 AD2d 717, 717; *see Contimortgage Corp. v Isler*, 48 AD3d 732, 734; *Astrologo*, 240 AD2d at 606; *see also* Siegel, NY Prac § 75 at 125 [5th ed 2011]). "The meaning of 'impracticable'

will depend upon the facts and circumstances of the particular case" (*Markoff v South Nassau Community Hosp.*, 91 AD2d 1064, 1065, *affd* 61 NY2d 283).

Here, we conclude that plaintiff made a sufficient showing that service upon defendant pursuant to CPLR 308 (1), (2), or (4) was impracticable, and thus that the court providently exercised its discretion in directing an alternative method of service (*see State St. Bank & Trust Co. v Coakley*, 16 AD3d 403, *lv dismissed* 5 NY3d 746; *Uzo v Uzo*, 307 AD2d 1032, 1032, *lv dismissed* 2 NY3d 823; *Astrologo*, 240 AD2d at 606-607; *cf. David v Total Identity Corp.*, 50 AD3d 1484, 1485).  Plaintiff submitted evidence that defendant left the United States with the parties' child and declared her intention to remain in Iran with her family (*see Astrologo*, 240 AD2d at 606-607).  Further, plaintiff established that Iran and the United States do not have diplomatic relations and that Iran is not a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (20 UST 361, TIAS No. 6638). Plaintiff thus requested alternative service upon defendant's parents in Iran, with whom defendant was residing.

In light of those unique circumstances, we conclude that the court properly determined that service upon defendant was "impracticable by any method of service specified in CPLR 308 (1), (2), and (4)."  "Once the impracticability standard is satisfied, due process requires that the method of service be 'reasonably calculated, under all the circumstances, to apprise' the defendant of the action" (*Contimortgage Corp.*, 48 AD3d at 734, quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314; *see Harkness*, 261 AD2d at 847).  "In order to be constitutionally adequate, the method of service need not guarantee that the defendant will receive actual notice" (*Harkness*, 261 AD2d at 847; *see Bossuk v Steinberg*, 58 NY2d 916, 918).  Here, the court initially ordered service of the summons by (1) personal service upon defendant's parents; (2) mail service upon defendant at her parents' address in Iran; and (3) service upon defendant by plaintiff's Iranian attorneys in accordance with Iranian law.  Pursuant to that order, plaintiff mailed the summons and notice to defendant at her parents' last known address in Tehran and submitted a declaration by his Iranian attorney that at least two attempts were made to effect personal service upon defendant at that address.  Although defendant contended that the address used for service was "bogus," the record reflects that the address was in fact used by defendant and/or her parents in some capacity.  Indeed, defendant supplied that address to the child's pediatrician in requesting the child's medical records, and she averred that her father ultimately received the documents from a "tenant" who lived at that address.

When plaintiff was unable to effect personal service upon defendant's parents pursuant to the court's order, the court relieved him of that obligation and instead permitted service "via email at each email address that [p]laintiff knows [d]efendant to have." Although service of process by email "is not directly authorized by

either the CPLR or the Hague Convention, it is not prohibited under either state or federal law, or the Hague Convention" (*Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L.*, 78 AD3d 137, 141) and, indeed, "both New York courts and federal courts have, upon application by plaintiffs, authorized [e]mail service of process as an appropriate alternative method when the statutory methods have proven ineffective" (*id.* at 141-142).  Contrary to the contention of defendant, we conclude that plaintiff made the requisite showing that service by email was "reasonably calculated to apprise defendant of the pending lawsuit and thus satisfie[d] due process" (*Harkness*, 261 AD2d at 847; *see Hollow v Hollow*, 193 Misc 2d 691, 696; *see generally Alfred E. Mann Living Trust*, 78 AD3d at 142).  The record reflects that, for several months prior to the application for alternative service, the parties had been communicating via email at the two email addresses subsequently used for service.  Although defendant claimed that she did not receive either of the emails, she acknowledged receipt of a subsequent email from plaintiff's attorney sent to the same two email addresses.  We thus conclude that, under the circumstances of this case, the court properly determined that service of the summons with notice upon defendant by email was an appropriate form of service (*see Snyder v Alternate Energy Inc.*, 19 Misc 3d 954, 962).

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court