OPINION OF THE COURT
Michael L. Hanuszczak, J.
The petitioner mother, represented by Gabriel M. Nugent, Esq. of Hiscock & Barclay LliP, filed a petition on May 3, 2013, pursuant to article 6 of the Family Court Act and the Uniform Child Custody Jurisdiction and Enforcement Act, seeking to modify the parties’ October 21, 2002 divorce decree from the *697 Court of Common Pleas, Division of Domestic Relations, in [redacted] County, Ohio. The mother seeks an award of sole legal custody for the minor children L.G., J.G. and L.G.
The mother made an application for an alternative means of service on the respondent father as he has been deported from the United States and Canada and is forbidden to enter the United States and his exact whereabouts are unknown. Prior attempts at personal service were made during a 2011 custody proceeding which was dismissed without prejudice for lack of personal jurisdiction on the respondent. The respondent has allegedly made contact with the minor children via email in the past three months.
In the instant proceeding, the court finds that personal service by personal delivery or mail is impracticable due to unknown whereabouts of the respondent. The court further finds that email service of the proceeding upon the respondent is reasonably calculated to inform him of the proceeding inasmuch as he has recently communicated with his children using his email address.
Section 308 (5) of the Civil Practice Law and Rules allows alternative means of service if traditional service is deemed impracticable by the court. In a recent decision, the Appellate Division of the Fourth Department held that service by email was permissible in a matrimonial case where the defendant was living in Iran and ordinary attempts at personal service were ineffectual. (Safadjou v Mohammadi, 105 AD3d 1423 [4th Dept 2013] [appeal No. 3].) In this instance, the Fourth Department held that email service was reasonably calculated to apprise the defendant of the pending proceeding and noted that there is no express prohibition against this form of service in state or federal law. (Id.)
Now, after review of the papers and pleadings, it is adjudged, that prior attempts at ordinary service having proved impracticable, service of process on the respondent father via his email address is reasonably calculated to apprise the respondent of the instant proceeding; and it is ordered, that service of process via electronic mail at the respondent’s most recent email address on or before May 18, 2013 is deemed acceptable; and it is further ordered, that mail or email service of this order on the attorneys for the parties, unrepresented parties, and the Attorney for the Child is deemed sufficient.