■ MOHAN BHAGWANDAS MURJANI, Respondent, v GUNI MOHAN MURJANI, Appellant. [998 NYS2d 38]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered April 18, 2014, which, among other things, denied defendant's motion for summary judgment dismissing the complaint, denied her cross motion to withdraw her counterclaim, enjoined her from prosecuting an "anti-suit" Indian action, sanctioned her in the amount of $15,000, and awarded plaintiff interim counsel fees, unanimously affirmed, without costs.

The durational residency requirement set forth in Domestic Relations Law § 230 (5) was satisfied by evidence that for two years before the commencement of this action, defendant, although spending a portion of the statutorily relevant period in India and various other destinations, maintained a permanent residence in New York and returned there with regularity (see Jindal v Jindal, 54 AD3d 605 [1st Dept 2008]; Wildenstein v Wildenstein, 249 AD2d 12, 12 [1st Dept 1998]).

The court providently exercised its discretion in sanctioning defendant for proceeding with her durational-residency challenge (cf. Parks v Leahey & Johnson, 81 NY2d 161, 165 [1993]; Tag 380, LLC v Ronson, 51 AD3d 471, 471 [1st Dept 2008]). Defendant had previously represented that she would not make such a challenge, and the court had warned her that she may be subject to sanctions if she pursues the challenge. Further, defendant's position lacked merit (cf. id.).

The court providently exercised its discretion in granting plaintiff an award of interim counsel fees (see Domestic Relations Law § 237 [a]). While the court was unable to determine, based on the papers submitted, which party was the monied spouse (see id.), it determined that defendant had unnecessarily delayed discovery in the action and had removed the parties' art collection to London in contravention of court orders. Further, defendant controlled the parties' liquid assets, including the art collection and real property in New York, and the court reasonably ordered her to sell or encumber that property in order to permit plaintiff to carry on this action. The fee award was not made solely to punish defendant for delaying the case (cf. Wells v Serman, 92 AD3d 555 [1st Dept 2012]).

The court properly granted plaintiff's motion for a prelimi-

nary injunction barring defendant from prosecuting the action she had commenced in India, which sought to prevent plaintiff from prosecuting this action (*see Gliklad v Cherney*, 97 AD3d 401, 402-403 [1st Dept 2012]). Plaintiff showed, among other things, that he would be irreparably harmed if the Indian suit were to continue and that the equities balanced in his favor. Indeed, the great expenditures of time and resources spent in this action would be wasted if the Indian court prevented plaintiff from continuing this action (*id.* at 403). Further, it appears that defendant was forum shopping and attempting to prevent the New York court from resolving the issues before it.

Given that the court denied defendant's motion for summary judgment, the court correctly denied as moot defendant's cross motion to withdraw her counterclaim for divorce in the event the court granted her motion for summary judgment. Moreover, the court properly determined that a discontinuance of defendant's counterclaim would be unfairly prejudicial to plaintiff, given the amount of time and resources expended in this action (*Tucker v Tucker*, 55 NY2d 378, 383-384 [1982]). Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.