OPINION OF THE COURT
Michael L. Hanuszczak, J.
Procedural History
On July 15, 2016, the Onondaga County Department of Children and Family Services (hereinafter referred to as the County) filed a petition seeking to terminate the parental rights of the respondent to the child, J.T., alleging that he has abandoned the child. Subsequently, on July 21, 2016 the County filed a motion seeking an order from the court granting substituted service of the summons and petition by electronic means pursuant to Civil Practice Law and Rules § 308 (5).
The motion was returnable before the court on August 18, 2016. The County, through its counsel, argued that the caseworker’s regular means of communication with the respondent has been through email correspondence and the caseworker has not been informed of the respondent’s physical address. The Attorney for the Child also joined in the County’s request as did counsel for the mother. Upon hearing oral arguments from the parties the court reserved decision.
Background
The child J.T. (DOB x/xx/xxxx) was born (during the course of the marriage) between S.R. (hereinafter referred to as mother) and N.J.M.A. (hereinafter referred to as the father). The County filed a neglect petition against the mother on April 15, 2015 which included an application to remove the child from the mother’s care alleging the mother was unable to provide safe and suitable housing, that she was an untreated level two sex offender and that the underlying issues which were the basis of prior adjudications of neglect had not been *890 ameliorated. The court granted the removal application and subsequently adjudicated the child to have been neglected based upon the mother’s admission to a portion of the petition.
On July 7, 2015 the County submitted email communications between the caseworker and father which clearly indicated the non-respondent father had notice of the pending neglect proceedings. After due consideration the court accepted the County’s proof of email service of the underlying neglect petition and application for removal.
Subsequent permanency plan hearings were conducted on November 23, 2015 and May 11, 2016 and the County transmitted the permanency hearing reports to the father through electronic means. At the permanency plan hearing on May 11, 2016 Mr. H., a caseworker, testified that he engaged in email communication with the father dating back to 2015.
On July 15, 2016 the County filed a petition seeking to terminate the father’s parental rights alleging the father had not maintained meaningful communication with the child despite having the ability to do so and not being prevented or discouraged from such communication.
Thereafter, on July 21, 2016, the County filed a notice of motion for an order of substituted service along with an affirmation in support of the motion from Mr. H., the caseworker. In his affirmation the caseworker noted that prior to the placement of the subject child with the County the father was deported to the country of Jordan and that the father maintained communication with him via email. Mr. H. also stated that he had been unable to ascertain where the father resides in Jordan except that the father informed him he was in the city of Madaba. The caseworker also affirmed that upon sending email communications to the father that a notification was never received indicating that any of the emails were returned as “undeliverable.”
Standard of Law — Service of Summons and Petitions
Family Court Act § 617 governs the service requirements for proceedings brought to terminate parental rights and sets forth that a summons and petition shall be delivered to the person summoned at least 20 days before the time designated for an appearance before the court. Although personal service is the preferred method of service, Family Court Act § 617 permits alternative means of service after reasonable efforts have been undertaken for personal service.
*891 Furthermore, Family Court Act § 617 (c) states that personal service on an individual in a foreign country shall be made in accordance with the provisions of Surrogate’s Court Procedure Act § 307. It is only after a finding that personal service would be impracticable under SCPA 307 (3) (c) that the court may then order substituted service in such manner as the court directs pursuant to CPLR 308 (5). Upon such a finding CPLR 308 (5) “vests a court with the discretion to direct an alternative method for service of process” (Astrologo v Serra, 240 AD2d 606, 606 [1997]).
The standard or definition by which the courts make a determination of impracticability is fluid in nature and does not require proof that service was effectuated or that there were actual prior attempts to serve a party. Furthermore, there is no particular standard by which a court may grant substituted service of process upon a party to an action as each case posseses unique facts and must be reviewed individually. (Safadjou v Mohammadi, 105 AD3d 1423 [2013].)
Upon the initial finding that personal service is impractical the court has broad discretion in determining an alternative means of service. Due process requires that the method of service granted must be reasonably calculated under all of the circumstances. (Maloney v Ensign, 43 AD2d 902 [1974].) Reasonableness only requires a likelihood that a party will learn of the action and not that the transmission will be received. (Harkness v Doe, 261 AD2d 846 [1999].)
Furthermore, with the common utilization of email as a means of communication courts have been inclined to entertain and grant requests to allow for service by email. (Hollow v Hollow, 193 Misc 2d 691 [2002].) Upon proper application, both New York courts and federal courts have granted email service of process as an appropriate method when statutory methods have proved to be ineffective or impossible. Although not directly set forth in the CPLR as a means of service, there is no prohibition provided appropriate circumstances exist. (Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L., 78 AD3d 137 [2010].) Upon granting email service the court in Baidoo v Blood-Dzraku further found that electronic mail has “all but replaced ordinary mail as a means of written communication” and although not specifically set forth in the statute courts are “routinely permitting it as a form of alternative service.” (Baidoo v Blood-Dzraku, 48 Misc 3d 309, 310 [2015].)
In Alfred E. Mann Living Trust, the Court rejected a challenge as to the validity of service by email upon a party in the *892 Netherlands. The Court further rejected the contention that email does not provide sufficient notice, as an email from a party with whom the recipient has not previously corresponded is likely to be flagged as “spam.” (Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L., 78 AD3d 137 [2010].)
Courts have also granted email service of process in proceedings commenced under the Family Court Act and the Domestic Relations Law. Upon the petitioner commencing simultaneous actions under article 5 and article 6 of the Family Court Act seeking to establish paternity and an award of custody of a minor child, the court granted service upon the respondent by email. (Matter of Keith X. v Kristin Y., 124 AD3d 1056 [2015].)
Further, in Safadjou v Mohammadi, upon the matrimonial action being commenced the defendant moved to Iran with the parties’ minor child and the Court found personal service was impracticable as the defendant left the United States with the intention to remain outside of the United States. The Court found that the plaintiff sufficiently presented, upon consideration of all the circumstances, that electronic service of the summons and complaint upon the defendant was reasonably calculated.
Findings by the Court
The court finds that the father was deported from the United States to Jordan prior to the child being removed from the mother’s care and his exact whereabouts are unknown. Furthermore, upon the child being removed from the mother’s care the caseworker maintained communication with the father through electronic mail and the father requested additional information pertaining to the court proceedings in email transmissions. At no time did the father provide any further information as to his physical address to the caseworker. Based upon these findings the County has sufficiently demonstrated that it is impractical for personal service of process to be effectuated. (Safadjou v Mohammadi, 105 AD3d 1423 [2013].)
Due process requires that the method of service directed by the court must be reasonably calculated to inform the respondent of the action and it is likely that the respondent will learn of the action. (Harkness v Doe, 261 AD2d 846 [1999]; Matter of Clarisse S., 128 Misc 2d 866 [1985].) Furthermore, service by electronic means has been granted by the courts in cases involving matrimonial actions, proceedings under articles 5 and 6 of the Family Court Act as well as surrogate’s court *893 proceedings. (Snyder v Alternate Energy Inc., 19 Misc 3d 954 [2008]; Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L., 78 AD3d 137 [2010].)
The court finds that upon the commencement of the underlying neglect petition the caseworker had multiple communications with the father through electronic means and none of the transmissions were returned as “undeliverable.” Similar circumstances were present in Safadjou v Mohammadi, wherein the Court noted the parties to the action had been “communicating via email at the two email addresses subsequently used for service.” (Id. at 1425.) It is only under limited circumstances that courts have found email service to be improper and typically only upon a finding that it is “unlikely” that the opposing party received the communication. This court finds that the father acknowledged receipt of information via email during the pendency of the neglect proceeding and made requests for additional documentation from the caseworker. (Ehrenfeld v Bin Mahfouz, 9 NY3d 501 [2007].)
Additionally it is significant to note that the father did not provide the caseworker with a physical address nor any other reasonable means of communication besides the email address which was utilized to facilitate communication between them. (Matter of John Paul M., 225 AD2d 329 [1996].) The court finds that the respondent has had ample opportunity to provide a physical address, telephone number or other information as to where he could be located.
The court will further note that the goal of achieving permanency for the child in a timely fashion pursuant to Social Services Law § 384-b would be advanced by this decision.
The court finds that upon the application herein email service of process is an appropriate alternate means of service under the circumstances as personal service or other measures are not conducive nor practical.
Now, after review of the papers and pleadings, it is adjudged, personal service of process on the respondent father is impractical and email service is reasonably calculated to apprise the respondent father of the instant proceeding; and it is ordered, that service of process via electronic mail at: xxxxx@gmail.com of the summons and petition for termination of parental rights along with this decision and order on or before September 14, 2016 by the caseworker named herein is deemed acceptable and the underlying termination of parental rights petition will be entertained by the court on October 24, *894 2016 at 10:00 a.m. in Part 1 of Onondaga County Family Court, 401 Montgomery Street, Syracuse, New York 13202; and it is further ordered, that upon the summons and petition being sent to the respondent father the County shall submit to the court an affidavit of email service upon the father; and it is further ordered, that email service of this order on the attorneys of record shall be deemed good and sufficient service.