Richards v Hedman Resources Ltd. (2022 NY Slip Op 02663)

Richards v Hedman Resources Ltd.

2022 NY Slip Op 02663

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

147 CA 21-01188

[*1]IRENE RICHARDS, EXECUTRIX OF THE ESTATE OF LOREN J. RICHARDS, DECEASED, AND INDIVIDUALLY AND AS SURVIVING SPOUSE OF LOREN J. RICHARDS, PLAINTIFF-RESPONDENT,
v
HEDMAN RESOURCES LIMITED, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. (ACTION NO. 1.)
DAVID D. LAURES AND MADELYN J. LAURES, PLAINTIFFS-RESPONDENTS,
v
AIR & LIQUID SYSTEMS CORPORATION, ET AL., DEFENDANTS, AND HEDMAN RESOURCES LIMITED, DEFENDANT-APPELLANT. (ACTION NO. 2.)
ROGER J. ADAMEK, EXECUTOR OF THE ESTATE OF ANN M. ADAMEK, DECEASED, AND INDIVIDUALLY AS THE SURVIVING SPOUSE OF ANN M. ADAMEK, PLAINTIFF-RESPONDENT,
v
HEDMAN RESOURCES LIMITED, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. (ACTION NO. 3.) 

CLYDE & CO US LLP, NEW YORK CITY (PETER J. DINUNZIO OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPSITZ, PONTERIO & COMERFORD, LLC, BUFFALO (DENNIS P. HARLOW OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered May 13, 2021. The order, among other things, denied that part of the motion of defendant Hedman Resources Limited seeking to vacate the default liability judgments granted in favor of plaintiffs. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced these actions and moved for orders permitting substituted service on Hedman Resources Limited (defendant) pursuant to CPLR 311 (b). Defendant was a Canadian-based corporation that is now defunct, having stopped all business in 2007 and having its corporate charter cancelled in 2016. Supreme Court granted the motions and issued orders allowing plaintiffs to serve defendant by serving the summonses and complaints on a responsible person of suitable age and discretion at the virtual office of defendant's President [*2]and Chief Executive Officer (CEO). Defendant defaulted, and plaintiffs obtained default liability judgments against it, with the issue of damages reserved for trial. The court thereafter denied defendant's motion, brought almost five years later, insofar as it sought to vacate the default judgments and dismiss plaintiffs' complaints for lack of personal jurisdiction. We now affirm.
Contrary to defendant's contention, we conclude that the court providently exercised its discretion in allowing substituted service on defendant pursuant to CPLR 311 (b) (see Safadjou v Mohammadi [appeal No. 3], 105 AD3d 1423, 1424 [4th Dept 2013]). Substituted service pursuant to that section is permissible if service would be impracticable "under [CPLR 311 (a)] or any other law" (CPLR 311 [b]). CPLR 311 (a) (1) provides in relevant part that personal service on a corporation shall be made by delivering the summons "to an officer, director, . . . or . . . any other agent authorized by appointment or by law to receive service. A business corporation may also be served pursuant to [Business Corporation Law §§ 306 or 307]." Plaintiffs do not dispute that Business Corporation Law § 307, which governs service of process on an unauthorized foreign corporation, applies here. Thus, plaintiffs could have acquired personal jurisdiction over defendant by serving it pursuant to either CPLR 311 (a) (1) or Business Corporation Law § 307 (see Halas v Dick's Sporting Goods, 105 AD3d 1411, 1413-1414 [4th Dept 2013]; Van Wert v Black & Decker, 246 AD2d 773, 774 [3d Dept 1998]). We therefore agree with defendant that plaintiffs were required to show that service was impracticable under both CPLR 311 (a) (1) and Business Corporation Law § 307 before the court could order substituted service (see CPLR 311 [b]).
"[A] 'plaintiff seeking to effect expedient service must make some showing that the other prescribed methods of service could not be made' " (Markoff v South Nassau Community Hosp., 91 AD2d 1064, 1065 [2d Dept 1983], affd 61 NY2d 283 [1984]), but a plaintiff is not required to submit proof of actual prior attempts to serve the party pursuant to those methods (see Safadjou, 105 AD3d at 1424; Astrologo v Serra, 240 AD2d 606, 606 [2d Dept 1997]). Without such a showing of impracticability, a court is without power to direct expedient service (see Joseph II. v Luisa JJ., 201 AD3d 43, 49 [3d Dept 2021]; David v Total Identity Corp., 50 AD3d 1484, 1485 [4th Dept 2008]; Corbo v Stephens, 272 AD2d 502, 503 [2d Dept 2000]).
Contrary to defendant's contention, plaintiffs established that service pursuant to both CPLR 311 (a) (1) and Business Corporation Law § 307 would be impracticable. With respect to CPLR 311 (a) (1), plaintiffs' counsel established that he had made prior attempts to personally serve defendant's President and CEO, defendant's sole remaining officer, without success. With respect to Business Corporation Law § 307, plaintiffs submitted evidence that defendant had ceased operations in 2007 and that, since late 2007, it no longer had an office address. Plaintiffs thereby established that service pursuant to Business Corporation Law § 307 would be impracticable (see generally Chan v Onyx Capital, LLC, 156 AD3d 1361, 1363 [4th Dept 2017], lv denied 31 NY3d 903 [2018]).
We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court