Meagan R. v Mansour (2022 NY Slip Op 06612)

Meagan R. v Mansour

2022 NY Slip Op 06612

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

888 CA 21-01322

[*1]MEAGAN R., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF K.R., DECEASED, PLAINTIFF-RESPONDENT,
v
AHMED MANSOUR, M.D., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

SUGARMAN LAW FIRM, LLP, SYRACUSE (ADAM P. CAREY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE FITZGERALD LAW FIRM, PC, YONKERS (MITCHELL GITTIN OF COUNSEL), AND LAW OFFICE OF JOHN M. DALY, FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered August 17, 2021. The order, among other things, denied the motion of defendant Ahmed Mansour, M.D. to dismiss the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, individually and as administrator of decedent's estate, commenced this action seeking to recover damages arising from the alleged negligence of defendants in managing plaintiff's pregnancy, labor, and delivery. Ahmed Mansour, M.D. (defendant) appeals from an order that denied his motion to dismiss the complaint against him for lack of proper service and granted plaintiff's cross motion insofar as it sought an order extending the time in which to serve defendant and authorizing an alternative method of service. We affirm.
"On a motion to dismiss based on lack of proper service, the court may, upon good cause shown or in the interest of justice, extend the time for service" (Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1356 [3d Dept 2013] [internal quotation marks omitted]). "It is well settled that the determination to grant [a]n extension of time for service is a matter within the court's discretion" (Moss v Bathurst, 87 AD3d 1373, 1374 [4th Dept 2011] [internal quotation marks omitted]; see generally Matter of Delaware Operations Assoc. LLC v New York State Dept. of Health, 187 AD3d 1560, 1561 [4th Dept 2020]; Bradley v Rexcoat, 187 AD3d 1576, 1576 [4th Dept 2020]). After weighing the relevant factors, including the "expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of . . . plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]), and noting that "no one factor is more important than the others" (Moss, 87 AD3d at 1374), we reject defendant's contention that Supreme Court abused its discretion in denying his motion and granting plaintiff's cross motion insofar as it sought an extension of time to serve defendant (see generally id.).
We similarly reject defendant's contention that the court abused its discretion in granting plaintiff's cross motion insofar as it sought authorization for an alternative method of service. "CPLR 308 (5) vests a court with the discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308 (1), (2), and (4) are 'impracticable' " (Astrologo v Serra, 240 AD2d 606, 606 [2d Dept 1997]; see Safadjou v [*2]Mohammadi [appeal No. 3], 105 AD3d 1423, 1424 [4th Dept 2013]). "Although the impracticability standard is not capable of easy definition . . . , [a] showing of impracticability under CPLR 308 (5) does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to subdivisions (1), (2) or (4)" (Safadjou, 105 AD3d at 1424 [internal quotation marks omitted]; see Richards v Hedman Resources Ltd., 204 AD3d 1407, 1409 [4th Dept 2022], appeal dismissed — NY3d — [Oct. 20, 2022]; David v Total Identity Corp., 50 AD3d 1484, 1485 [4th Dept 2008]). Here, we conclude that plaintiff established that service upon defendant pursuant to CPLR 308 (1), (2), or (4) would be impracticable (see Safadjou, 105 AD3d at 1424; State St. Bank & Trust Co. v Coakley, 16 AD3d 403, 403 [2d Dept 2005], lv dismissed 5 NY3d 746 [2005]). Specifically, plaintiff established that defendant had left the United States and declared his intention to remain in Saudi Arabia, where he worked for the Saudi Arabian government (see Safadjou, 105 AD3d at 1424; Astrologo, 240 AD2d at 606-607). Further, plaintiff established that Saudi Arabia is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1965]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court