Gulati v Gulati (2026 NY Slip Op 00837)

Gulati v Gulati

2026 NY Slip Op 00837

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 365351/25|Appeal No. 5838|Case No. 2025-06839|

[*1]Ruchi J. Gulati, Plaintiff-Respondent,
vNobel Gulati, Defendant-Appellant.

Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, New York (John O. Farley of counsel), for appellant.
Cohen Clair Lans Greifer & Simpson LLP, New York (Jad Greifer of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered October 28, 2025, which denied defendant husband's motion to stay, vacate, or dismiss the action on the grounds of improper service, lack of personal jurisdiction, failure to satisfy statutory residency requirements, and forum non convenience, unanimously affirmed, without costs.
The husband should have been permitted to raise challenges to the sufficiency of the evidence underlying a CPLR 308(5) ex parte order directing expedient service without the necessity of bringing a motion under CPLR 2221 (see e.g. Preza v Sever's Gourmet, 212 AD2d 765, 765 [2d Dept 1995], lv denied 87 NY2d 801 [1995]). However, the court's order directing alternate service of process pursuant to CPLR 308(5) was a provident exercise of discretion (see Safadjou v Mohammadi, 105 AD3d 1423, 1424 [4th Dept 2013]; Kelly v Lewis, 220 AD2d 485, 485 [2d Dept 1995]).
The wife was unable to serve the husband after, among other things, sending process servers to multiple addresses at which he might have been found and on multiple days. The process servers not only visited those locations but also remained there for extended periods awaiting his arrival. Contrary to the husband's contention that the wife was required to exhaust every conceivable effort to locate him, impracticability under CPLR 308(5) does not require an extensive showing of due diligence, nor does it require proof that actual attempts were made under each and every statutory method of service (see Liebeskind v Liebeskind, 86 AD2d 207, 210-211 [1st Dept 1982], affd 58 NY2d 858 [1983]; see also Safadjou, 105 AD3d at 1424). The methods of service authorized by the court, including leaving the documents with the doorman at the husband's residence, along with overnight mailings to the same address and the husband's place of business, and service by email were reasonably calculated to apprise the husband of the action and therefore satisfied due process (see Safadjou, 105 AD3d at 1424-1425).
The durational residency requirement is satisfied because the parties, although spending a portion of the statutory relevant period out-of-state, maintained a residence in New York and returned to it with regularity (see Domestic Relations Law § 230; Murjani v Murjani, 123 AD3d 409, 409 [1st Dept 2014]; Jindal v Jindal, 54 AD3d 605 [1st Dept 2008]).
The motion court providently exercised its discretion in denying that branch of the husband's motion which sought dismissal of the action on the ground of forum non conveniens, as the husband failed to demonstrate that New York is an inconvenient forum (see Wittich v Wittich, 210 AD2d 138, 139 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026