■ JOHN O'KEEFE, Appellant, v ARONNE BAIETTIE, Defendant, and ALLISON SULLIVAN, Respondent. [899 NYS2d 326]—

In an action, inter alia, to recover damages for false arrest, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated August 8, 2008, as granted that branch of the motion of the defendant Allison Sullivan which was pursuant to CPLR 3211 (a) (8), in effect, to dismiss the amended complaint insofar as asserted against her on the ground of lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, with costs, that branch of the motion of the defendant Allison Sullivan which was pursuant to CPLR 3211 (a) (8), in effect, to dismiss the amended complaint insofar as asserted against her on the ground of lack of personal jurisdiction is denied, and the matter is remitted to the Supreme Court, Orange County, to determine that branch of the motion of the defendant Allison Sullivan which was, in effect, to dismiss the amended complaint insofar as asserted against her on the ground that she was improperly served with process pursuant to CPLR 308 (4).

On September 27, 2007, the plaintiff commenced an action against the defendants, Aronne Baietti and Allison Sullivan, by filing a summons and complaint in the Supreme Court, Orange County. On October 5, 2007, without seeking leave from the court to amend his complaint, the plaintiff filed an amended complaint bearing the same index number as the original complaint. Aside from its title and date, and the fact that it contained exhibits omitted from the original complaint, the amended complaint was the same as the original complaint. Copies of the summons and amended complaint, but not the original complaint, allegedly were then served upon both defendants on October 27, 2007, pursuant to CPLR 308 (4).

Sullivan moved, inter alia, pursuant to CPLR 3211 (a) (8), in effect, to dismiss the amended complaint insofar as asserted against her on the ground of lack of personal jurisdiction, contending that the plaintiff failed to strictly comply with the commencement-by-filing requirements of CPLR 304 and 306-b by filing and serving the amended complaint without leave of court under the same index number and without paying a new filing fee. The Supreme Court granted that branch of Sullivan's motion, and did not decide the remaining branch of her motion, which was to dismiss the amended complaint insofar as asserted against her on the ground that she was improperly served with process pursuant to CPLR 308 (4).

Contrary to Sullivan's contention, leave to amend a complaint is not required where, as here, the amended complaint is served before the period for responding to the original complaint has expired (see CPLR 3025 [a]; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 406 [2009]; Moran v Hurst, 32 AD3d 909, 910 [2006]; cf. CPLR 305 [c]), and no additional filing fee or index number is required to accompany the filing of an amended complaint (see CPLR 8018 [d] [1]). Moreover, the Supreme Court erred in concluding, in effect, that the papers allegedly served upon Sullivan had not been properly filed with the Supreme Court (cf. Page v Marusich, 30 AD3d 871 [2006]).

Sullivan's remaining contention is without merit.

Since the Supreme Court did not determine that branch of Sullivan's motion which was, in effect, to dismiss the amended complaint insofar as asserted against her on the ground that she was improperly served with process pursuant to CPLR 308 (4), we remit the matter to the Supreme Court, Orange County, for such a determination. Dillon, J.P., Florio, Belen and Roman, JJ., concur.