■ RUTH SCHROEDER, Appellant, v GOOD SAMARITAN HOSPI-TAL et al., Respondents, et al., Defendants. [915 NYS2d 302]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated October 16, 2009, as granted the separate motions of the defendant Good Samaritan Hospital, and the defendants Andrew Schechter and Lewis Bobroff pursuant to CPLR 3211 (a) (5) and (8) to dismiss the amended complaint insofar as asserted against each of them, and the motion of the defendant "John" Bauman pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against him, and (2) so much of an order of the same court dated March 24, 2010, as, upon reargument, adhered to the original determination granting the motion of the defendant "John" Bauman pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against him.

Ordered that the appeal from so much of the order dated October 16, 2009, as granted the motion of the defendant "John" Bauman pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against him is dismissed, as that portion of the order was superseded by the order dated March 24, 2010, made upon reargument; and it is further,

Ordered that the order dated October 16, 2009, is reversed insofar as reviewed, and the separate motions of the defendant Good Samaritan Hospital, and the defendants Andrew Schechter and Lewis Bobroff pursuant to CPLR 3211 (a) (5) and (8) to dismiss the amended complaint insofar as asserted against each of them are denied; and it is further,

Ordered that the order dated March 24, 2010, is reversed insofar as appealed from, on the law, upon reargument, the determination in the order dated October 16, 2009, granting the motion of the defendant "John" Bauman pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against him is vacated, and that motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the respondents appearing separately and filing separate briefs.

On February 11, 2006, the plaintiff allegedly sustained personal injuries as a result of the defendants' medical malpractice. The last day for the plaintiff to timely commence this action was on August 11, 2008. On that date, the plaintiff commenced this action against, among others, Good Samaritan Hospital (hereinafter Good Samaritan), Andrew Schechter, Lewis Bobroff, and "John" Bauman (hereinafter collectively the defendants) by filing a summons and complaint with the Rockland County Clerk's Office. The plaintiff did not serve the original summons and complaint on the defendants. On September 30, 2008, without seeking leave of the court, the plaintiff filed an amended summons and complaint under the same index number as the original pleadings. The amended complaint did not differ substantively from the original complaint. Within 120 days from the date she filed the original pleadings, the plaintiff served the amended summons and complaint upon the defendants, but not the original summons and complaint.

The defendant Good Samaritan, and the defendants Schechter and Bobroff (hereinafter collectively the Good Samaritan defendants) separately moved pursuant to CPLR 3211 (a) (5) and (8) to dismiss the amended complaint insofar as asserted against each of them on statute of limitations and personal jurisdiction grounds. Bauman separately moved pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against him on statute of limitations grounds. In their respective motions, the Good Samaritan defendants argued that the court lacked personal jurisdiction over them because the plaintiff never served them with the timely filed original summons and complaint pursuant to CPLR 306-b. The Good Samaritan defendants and Bauman also contended that the action was untimely commenced pursuant to the applicable statute of limitations, since the amended summons and complaint were filed on September 30, 2008. In response, the plaintiff asserted that she amended the pleadings as of right pursuant to CPLR 3025 (a), and that the amended pleadings replaced the original pleadings. In an order dated October 16, 2009, the Supreme Court, inter alia, granted the motions to dismiss, finding that the plaintiff's service of the amended summons and complaint, rather than the originally filed summons and complaint, was jurisdictionally defective.

The plaintiff moved for leave to renew and reargue her op-

position to the defendants' prior motions to dismiss. In an order dated March 24, 2010, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to reargue Bauman's motion, and, upon reargument, adhered to its original determination. The plaintiff appealed from so much of the order dated October 16, 2009, as granted the motions to dismiss, and from so much of the order dated March 24, 2010, as, upon reargument, adhered to the original determination.

Where, as here, a summons and complaint are timely filed but not served, service of a substantively similar amended summons and complaint without leave of court under the same index number is proper when it is served "before the period for responding to the original complaint has expired" (see O'Keefe v Baiettie, 72 AD3d 916, 917 [2010], citing CPLR 3025 [a]). Thus, the Supreme Court obtained personal jurisdiction over the defendants because they were served with substantively similar amended pleadings during the 120-day period when service of the original pleadings was required under CPLR 306-b (see O'Keefe v Baiettie, 72 AD3d 916 [2010]). Moreover, under the circumstances, the action was timely commenced as against the defendants. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.