# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1001**
**CA 11-00743**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

CONNIE MOSS, PLAINTIFF-RESPONDENT,

                V                 MEMORANDUM AND ORDER

SHIRLEY A. BATHURST, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JEFFREY F. BAASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARK D. GROSSMAN, NIAGARA FALLS, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Paula L. Feroleto, J.), entered December 9, 2010 in a personal injury action. The order denied the motion of defendant Shirley A. Bathurst to dismiss the complaint and granted the cross motion of plaintiff for an extension of time to serve process on Shirley A. Bathurst.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action to recover damages for injuries she allegedly sustained in a motor vehicle accident, Shirley A. Bathurst (defendant) appeals from an order that denied her motion to dismiss the complaint against her and granted plaintiff's cross motion to extend the time in which to serve defendant. We affirm.

"If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). It is well settled that the determination to grant "[a]n extension of time for service is a matter within the court's discretion" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101). We agree with defendant that plaintiff failed to establish good cause for an extension of time for service upon defendant. Nevertheless, that determination is not dispositive of the issue before us. "[A]lthough law office failure and the lack of reasonable diligence in effectuating service generally do not constitute good cause, the interest of justice standard of the statute [is] a separate, broader and more flexible provision [that may] encompass a mistake or oversight as long as there was no prejudice to the defendant" (*id.* at 102; *see Mead v Singleman*, 24 AD3d 1142, 1143-1144). After weighing the relevant factors, including the "expiration of the [s]tatute of [l]imitations, the meritorious nature

of the cause of action, the length of delay in service, the promptness of . . . plaintiff's request for the extension of time, and prejudice to defendant" (*Leader*, 97 NY2d at 105-106), and noting that no one factor is more important than the others, we reject defendant's contention that Supreme Court abused its discretion in denying her motion and granting plaintiff's cross motion.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court