▮ VINCENT M. CRACOLICI et al., Appellants-Respondents, v SOVRIN SHAH, Appellant, and SIMON BARKAGAN et al., Respondents, et al., Defendants. [4 NYS3d 506]—

Orders, Supreme Court, New York County (Alice Schlesinger, J.), entered July 31, 2013, which, to the extent appealed from, dismissed the action as against defendants Drs. Zafar Khan and Simon Barkagan and denied Dr. Sovrin Shah's motion to dismiss the complaint as against him, unanimously affirmed, without costs.

In this action for medical malpractice, the claims against Drs. Khan and Barkagan were properly dismissed as untimely (see CPLR 214-a). Plaintiff last treated with Dr. Khan on October 15, 2007 and with Dr. Barkagan on April 24, 2008. The mere hope that discovery may reveal a course of continuous treatment with Dr. Khan, does not warrant denial of the motion (see CPLR 3211 [d]). With respect to Dr. Barkagan, the motion court properly found that the claims asserted against

him do not relate back to those timely asserted against Dr. Shah (*see* CPLR 203 [c]; *Buran v Coupal*, 87 NY2d 173, 177-178 [1995]). The allegations against the two doctors relate to separate conduct (*Buran*, 87 NY2d at 178). Plaintiffs have not established a "unity of interest" since they have not identified any relationship between the doctors, let alone one "giving rise to the vicarious liability of one for the conduct of the other" (*Cuello v Patel*, 257 AD2d 499, 500 [1st Dept 1999]) or that their interests will stand or fall together (*see id.*; *see also Lord Day & Lord, Barrett, Smith v Broadwall Mgt. Corp.*, 301 AD2d 362 [1st Dept 2003]). Additionally, there is no evidence that Dr. Barkagan had notice of the complaint or reason to believe that he would be named as a defendant, within the statutory period (*see Buran v Coupal*, 87 NY2d at 180; *Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 982 [2d Dept 2009]).

The court properly found that service of the amended complaint on Dr. Shah, within 120 days of the filing of the action, was proper and timely (*see* CPLR 306-b; *Schroeder v Good Samaritan Hosp.*, 80 AD3d 744, 746 [2d Dept 2011]). Leave of the court was not required for the amendment since defendants' time to respond to the original complaint had not yet expired (*see* CPLR 1003, 3025 [a]; *Schroeder*, 80 AD3d at 746). The court providently exercised its discretion in disregarding the fact that the amended complaint was served prior to its filing (*see* CPLR 2001; *Matter of United Servs. Auto. Assn. v Kungel*, 72 AD3d 517 [1st Dept 2010]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.