■ ASHLEY SWAGGARD, Respondent, v CHARLES DAGONESE, Appellant, et al., Defendant. [18 NYS3d 258]—

Appeal from an amended order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 27, 2014. The amended order denied the motion of defendant Charles Dagonese to dismiss the complaint against him and granted the cross motion of plaintiff for an extension of time to serve that defendant.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained as a result of exposure to hazardous lead paint. Charles Dagonese (defendant) moved to dismiss the complaint against him based on plaintiff's failure to effect proper service of the summons and complaint and thus to obtain personal jurisdiction over him (*see* CPLR 3211 [a] [8]), and plaintiff cross-moved to extend the time in which to serve defendant pursuant to CPLR 306-b. Supreme Court properly denied defendant's motion and granted plaintiff's cross motion. Pursuant to CPLR 306-b, if service is not timely made, "the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." Even assuming, arguendo, that plaintiff failed to establish good cause for an extension, we conclude that the court properly granted plaintiff's cross motion in the interest of justice. That standard "requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). Here, upon weighing the relevant factors, "and noting that no one factor is more important than the others," we conclude that the court properly denied defendant's motion and granted plaintiff's cross motion (*Moss v Bathurst*, 87 AD3d 1373, 1374 [2011]). Present—Scudder, P.J., Smith, Carni, Lindley and DeJoseph, JJ.