# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1055**

**CA 14-01837**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

ASHLEY SWAGGARD, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHARLES DAGONESE, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RODGER P. DOYLE, JR., OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID M. GIGLIO & ASSOCIATES, LLC, UTICA (DAVID M. GIGLIO OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an amended order of the Supreme Court, Erie County
(Joseph R. Glownia, J.), entered June 27, 2014. The amended order
denied the motion of defendant Charles Dagonese to dismiss the
complaint against him and granted the cross motion of plaintiff for an
extension of time to serve that defendant.

It is hereby ORDERED that the amended order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages
for injuries she allegedly sustained as a result of exposure to
hazardous lead paint. Charles Dagonese (defendant) moved to dismiss
the complaint against him based on plaintiff's failure to effect
proper service of the summons and complaint and thus to obtain
personal jurisdiction over him (see CPLR 3211 [a] [8]), and plaintiff
cross-moved to extend the time in which to serve defendant pursuant to
CPLR 306-b. Supreme Court properly denied defendant's motion and
granted plaintiff's cross motion. Pursuant to CPLR 306-b, if service
is not timely made, "the court, upon motion, shall dismiss the action
without prejudice as to that defendant, or upon good cause shown or in
the interest of justice, extend the time for service." Even assuming,
arguendo, that plaintiff failed to establish good cause for an
extension, we conclude that the court properly granted plaintiff's
cross motion in the interest of justice. That standard "requires a
careful judicial analysis of the factual setting of the case and a
balancing of the competing interests presented by the parties. Unlike
an extension request premised on good cause, a plaintiff need not
establish reasonably diligent efforts at service as a threshold
matter. However, the court may consider diligence, or lack thereof,
along with any other relevant factor in making its determination,
including expiration of the [s]tatute of [l]imitations, the

meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106).  Here, upon weighing the relevant factors, "and noting that no one factor is more important than the others," we conclude that the court properly denied defendant's motion and granted plaintiff's cross motion (*Moss v Bathurst*, 87 AD3d 1373, 1374).

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court