■ BONNIE LOREN et al., Appellants, v CHURCH STREET APARTMENT CORP., Respondent. ASHKENAZY ACQUISITION CORP. et al., Nonparty Respondents. [48 NYS3d 588]—

Order, Supreme Court, New York County (Jennifer G. Schechter, J.), entered January 8, 2016, which, to the extent appealed from as limited by the briefs, granted that portion of defendant Church Street Apartment Corp.'s (CSA) motion to dismiss any claims previously made in a 2002 action, those claims for breach of lease accruing prior to March 20, 2007, those claims for constructive eviction accruing prior to March 20, 2012, and those claims for personal injury, trespass and property damage accruing prior to March 20, 2010, with the exception of latent exposure personal injury claims, unanimously affirmed, without costs.

The court correctly found that the release signed by plaintiffs in a prior bankruptcy proceeding encompassed any and all damages that accrued through the date of execution of that release. Plaintiffs' contention that its 2002 action based upon, inter alia, a flood from broken pipes, was not released because

that action did not "derive[ ] from the Bankruptcy Code and arise[ ] [from the bankruptcy case]," as per the release's qualifying language, is unpersuasive since that 2002 state action had been removed under the authority of the Bankruptcy Code to join that bankruptcy case.

Plaintiffs' argument that their claims are subject to the continuing wrong doctrine is unavailing (*see e.g. Town of Oyster Bay v Lizza Indus., Inc.*, 22 NY3d 1024, 1029-1031 [2013]). The allegation that plaintiffs suffered damages due to vermin, sidewalk issues, flooding and electrical issues, is not a claim derived from a single point of origin, but consists of sufficiently distinct occurrences. And while plaintiffs also claim that defendants conspired, the conspiracy to commit a tort is not, of itself, a cause of action (*Hoeffner v Orrick, Herrington & Sutcliffe LLP*, 85 AD3d 457, 458 [1st Dept 2011]), and such an action is time-barred when the substantive tort underlying it is time-barred (*see Schlotthauer v Sanders*, 153 AD2d 731 [2d Dept 1989], *lv denied* 75 NY2d 709 [1990]).

We have considered the plaintiffs' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.