Vanyo v Buffalo Police Benevolent Assn., Inc. (2018 NY Slip Op 01827)





Vanyo v Buffalo Police Benevolent Assn., Inc.


2018 NY Slip Op 01827


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.


950 CA 17-00249

[*1]ANN VANYO, PLAINTIFF-APPELLANT,
v
BUFFALO POLICE BENEVOLENT ASSOCIATION, INC., AND CITY OF BUFFALO, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 






JAMES OSTROWSKI, BUFFALO, FOR PLAINTIFF-APPELLANT. 
CREIGHTON, JOHNSEN & GIROUX, BUFFALO (IAN HAYES OF COUNSEL), FOR DEFENDANT-RESPONDENT BUFFALO POLICE BENEVOLENT ASSOCIATION, INC. 
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANT-RESPONDENT CITY OF BUFFALO. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 5, 2016. The order and judgment, inter alia, granted the motions of defendants to dismiss the complaint and amended complaint against them. 
It is hereby ORDERED that the order and judgment so appealed from is affirmed without costs.
Memorandum: This case arises from the termination of plaintiff's employment as a police officer with defendant City of Buffalo (City) following arbitration conducted pursuant to a collective bargaining agreement (CBA) between the City and defendant Buffalo Police Benevolent Association, Inc. (PBA). After a hearing, the arbitrator found plaintiff guilty of the disciplinary charges pending against her and that termination was the appropriate penalty, and the City subsequently terminated plaintiff's employment on October 16, 2014. Plaintiff commenced an action against the City and the PBA by filing a summons and complaint (original complaint) on February 10, 2015. Plaintiff, however, never served defendants with the original complaint. Instead, on May 21, 2015, plaintiff filed an "amended" summons and amended complaint (amended complaint), which was served upon defendants on May 26, 2015. In the amended complaint, which included four causes of action that had been alleged in the original complaint, plaintiff alleged that: (1) the PBA breached its duty of fair representation; (2) the City breached the CBA in terminating her employment; (3) defendants conspired to breach the duty of fair representation and the CBA in order to unlawfully terminate her; and (4) the City violated her constitutional right to procedural due process. The amended complaint added a fifth cause of action, alleging gender discrimination by the City.
Defendants each moved to dismiss the amended complaint against them pursuant to CPLR 3211 (a) (5) and (7) and, before Supreme Court ruled on those motions, plaintiff moved pursuant to CPLR 306-b seeking an order extending the time within which to serve the original complaint and deeming the original complaint timely served nunc pro tunc. In appeal No. 1, plaintiff appeals from an order and judgment that, as relevant here, denied her motion pursuant to CPLR 306-b. In appeal No. 2, plaintiff appeals from an order and judgment that, inter alia, granted defendants' motions and dismissed the original complaint and amended complaint. Because the appeal from the order and judgment in appeal No. 2 brings up for review the propriety of the order and judgment in appeal No. 1, the appeal from the order and judgment in appeal No. 1 must be dismissed (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 [*2]AD2d 435, 435 [2d Dept 1989]; see also CPLR 5501 [a] [1]).
Plaintiff contends that the court erred in denying her motion pursuant to CPLR 306-b seeking an order extending the time within which to serve the original complaint and deeming the original complaint timely served nunc pro tunc, such that the first and second causes of action would be timely. We reject that contention. "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id.). It is well settled that the determination to grant "[a]n extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001]). "[A]lthough law office failure and the lack of reasonable diligence in effectuating service generally do not constitute good cause, the interest of justice standard of the statute [is] a separate, broader and more flexible provision [that may] encompass a mistake or oversight as long as there was no prejudice to the defendant" (id. at 102; see Moss v Bathurst, 87 AD3d 1373, 1374 [4th Dept 2011]). Upon weighing the relevant factors with respect to the interest of justice standard, including the expiration of the statute of limitations with respect to the first and second causes of action and plaintiff's failure to move for an extension of time for over seven months after the service period expired, we conclude that the court did not abuse its discretion in denying plaintiff's motion pursuant to CPLR 306-b (see Leader, 97 NY2d at 106-107; Moss, 87 AD3d at 1374; see also Matter of Druyan v Board of Educ. of the City Sch. Dist. of the City of N.Y., 128 AD3d 617, 618 [1st Dept 2015]; Matter of Parrino v New York City Bd. of Stds. & Appeals, 90 AD3d 931, 932 [2d Dept 2011]).
Contrary to plaintiff's contention, we conclude that the court properly dismissed the first and second causes of action alleged in the amended complaint inasmuch as they are untimely. With respect to the first cause of action against the PBA, an action against a union for breach of its duty of fair representation "shall be commenced within four months of the date the . . . former employee knew or should have known that the breach has occurred, or within four months of the date the . . . former employee suffers actual harm, whichever is later" (CPLR 217 [2] [a]; see Mercone v Monroe County Deputy Sheriffs' Assn., Inc., 90 AD3d 1698, 1699 [4th Dept 2011]). Inasmuch as "the second cause of action against [the City] is inextricably intertwined with the breach of the duty of fair representation cause of action against the [PBA], it is similarly governed by the four-month period of limitations" (Obot v New York State Dept. of Corr. Servs., 256 AD2d 1089, 1090 [4th Dept 1998]; see Yoonessi v State of New York, 289 AD2d 998, 999 [4th Dept 2001], lv denied 98 NY2d 609 [2002], cert denied 537 US 1047 [2002]). Here, plaintiff suffered actual harm on October 16, 2014 when she was terminated, but the amended complaint, i.e., the only pleading with which defendants were served, was filed well beyond the applicable four-month limitations period (see CPLR 217 [2] [a], [b]). By arguing that the amended complaint filed on May 21, 2015 was untimely, defendants clearly were taking the position that May 21, 2015 was the date on which plaintiff's claims were interposed.
Plaintiff nonetheless contends that the first and second causes of action are timely because her claims relate back to the original complaint, which was timely filed before the expiration of the four-month limitations period (see CPLR 203 [f]). We reject that contention. Pursuant to CPLR 203 (f), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." It is well established that "the linchpin' of the relation back doctrine [is] notice to the defendant within the applicable limitations period" (Buran v Coupal, 87 NY2d 173, 180 [1995]; see Cole v Tat-Sum Lee, 309 AD2d 1165, 1167 [4th Dept 2003]). Here, it is undisputed that the original complaint was never served on defendants. The original complaint thus did not give defendants notice of the transactions or occurrences to be proved pursuant to the amended complaint. The claims in the amended complaint, therefore, are measured for timeliness by service (or filing in this case) of the amended complaint (see Siegel, NY Prac § 49 at 69 [5th ed 2011]). "Because no one was served until [after the statute of limitations expired], there is no basis to conclude that defendant[s] had any idea that a lawsuit was pending, much less that [they] would be . . . named [as] defendants," within the applicable limitations period (Cole, 309 AD2d at 1167-1168; see Cracolici v Shah, 127 AD3d 413, 414 [1st Dept 2015]; see generally Hirsh v Perlmutter, 53 AD3d 597, 599 [2d Dept 2008]).
While the dissent notes that a party may amend a pleading as of right "at any time before the period for responding to it expires" (CPLR 3025 [a]), plaintiff did not do so here (cf. Cracolici, 127 AD3d at 414; Schroeder v Good Samaritan Hosp., 80 AD3d 744, 746 [2d Dept 2011]; O'Keefe v Baiettie, 72 AD3d 916, 917 [2d Dept 2010]; see also CPLR 320 [a]). Plaintiff's amended complaint was filed and served without leave of court and outside the timeframes of CPLR 3025 (a) that permit amendment without leave. Plaintiff's amendment thus was one for which leave of court was required and, absent the establishment of the relation-back doctrine, the claims are deemed interposed on the date the motion for leave is served, assuming that the motion is granted (see Vastola v Maer, 48 AD2d 561, 565 [2d Dept 1975], affd 39 NY2d 1019 [1976]; Calamari v Panos, 131 AD3d 1088, 1090 [2d Dept 2015]). Here, even if plaintiff had moved for leave on May 21, 2015, the date on which she filed the amended complaint, absent the relation-back doctrine, that would be the date on which the claims in the amended pleading would have been deemed to have been interposed. Furthermore, defendants did not waive their right to dispute the propriety of the amended complaint because they did not accept the amended complaint without objection; rather, they moved to dismiss it in lieu of answering (cf. Jordan v Aviles, 289 AD2d 532, 533 [2d Dept 2001]).
We further conclude that the court properly dismissed the third cause of action. It is well settled that no independent tort for civil conspiracy exists in New York; "[r]ather, [a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort' " (Brenner v American Cyanamid Co., 288 AD2d 869, 869 [4th Dept 2001]). Thus, although plaintiff claims that defendants conspired to breach the duty of fair representation and the CBA in order to terminate her unlawfully, "conspiracy to commit a tort is not, of itself, a cause of action . . . , and such [a claim] is time-barred [where, as here,] the substantive tort[s] underlying it [are] time-barred" (Loren v Church St. Apt. Corp., 148 AD3d 516, 517 [1st Dept 2017]; see generally Arvanitakis v Lester, 145 AD3d 650, 652-653 [2d Dept 2016]).
We agree with the alternative grounds for affirmance properly raised by the City with respect to the fourth and fifth causes of action (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-546 [1983]; Cleary v Walden Galleria LLC, 145 AD3d 1524, 1526 [4th Dept 2016]). The fourth cause of action fails to state a cause of action (see CPLR 3211 [a] [7]; see generally Mermer v Constantine, 131 AD2d 28, 29-30 [3d Dept 1987]), and the fifth cause of action is barred by the doctrine of collateral estoppel (see CPLR 3211 [a] [5]; see generally Scipio v Wal-Mart Stores E., L.P., 100 AD3d 1452, 1453 [4th Dept 2012]).
Finally, we agree with the dissent that the court was not authorized to dismiss the complaint sua sponte (see CPLR 306-b), but that issue is academic in view of our determination that the court properly dismissed the original complaint and amended complaint in the order and judgment in appeal No. 2.
All concur except Centra, and Carni, JJ., who dissent in part and vote to modify in the following memorandum: We agree with the majority that Supreme Court did not abuse its discretion under CPLR 306-b in denying plaintiff's motion for an extension of time to serve the original summons and complaint. However, we part ways with the majority in a number of procedural respects, and we therefore dissent in part.
We respectfully submit that the court's sua sponte dismissal of the action pursuant to CPLR 306-b "with prejudice" in the absence of any motion by defendants seeking such relief was done in excess of the court's authority. Contrary to the majority's conclusion, this issue is a linchpin of the analysis at hand, and we respectfully submit that it cannot simply be dismissed with the superficial conclusion that it is "academic."
There is no dispute that the original summons and complaint, filed on February 10, 2015, was never served. There is also no dispute that plaintiff filed an amended summons and amended complaint on May 21, 2015 and that defendants were served with those amended pleadings on May 26, 2015. On June 15, 2015, defendants moved to dismiss the amended complaint against them on CPLR 3211 (a) (5) and (7) grounds. The amended pleadings are clearly denominated "Amended Summons" and "Amended Complaint." The amended summons and amended complaint was electronically filed and is stamped "NYSCEF Doc. No. 2." The original summons and complaint is "NYSCEF Doc. No. 1." Defendants utilized the electronic filing system in moving to dismiss. Thus, defendants' contention that they were not, or should [*3]not have been, on notice of the existence of the filed original complaint is unavailing.
CPLR 306-b provides that, "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." Here, defendants moved, pre-answer, to dismiss based upon CPLR 3211 (a) (5) and (7), not CPLR 306-b. Plaintiff moved pursuant to CPLR 306-b for an extension of time to serve the complaint and contended that defendants had waived any claim to dismissal of the complaint based upon lack of personal service. Defendants opposed plaintiff's motion for an extension of time for service under CPLR 306-b but did not move to dismiss the original complaint pursuant to CPLR 306-b, although defendant City of Buffalo asked for such relief in its papers opposing plaintiff's motion. The opposition papers of defendant Buffalo Police Benevolent Association, Inc. (PBA) are not contained in the record. We conclude that, in the absence of a notice of motion seeking that affirmative relief, the court was without authority to grant such relief to defendants (see CPLR 2215; Varlaro v Varlaro, 107 AD3d 1596, 1596 [4th Dept 2013]; Daniels v King & Chicken Stuff, Inc., 35 AD3d 345, 345 [2d Dept 2006]; Torre v Torre [appeal No. 1], 142 AD2d 942, 942 [4th Dept 1988]). "There is no statutory authority to permit a moving party to amend a motion that is comparable to the right to amend an answer afforded by CPLR 3025 (a)" (Iacovangelo v Shepherd, 5 NY3d 184, 187 [2005]). CPLR 306-b contains no authority for the court to dismiss a complaint on its own motion (see Rotering v Satz, 71 AD3d 861, 862 [2d Dept 2010]; cf. 22 NYCRR 202.21 [e]). Thus, we conclude that the court clearly exceeded its authority in dismissing the complaint without a motion by defendants (see Matter of Fry v Village of Tarrytown, 89 NY2d 714, 722 [1997] [In absence of motion to dismiss, and in view of waiver of defect by respondents' failure to raise objection, Supreme Court lacked the authority to dismiss the proceeding sua sponte on the ground that petitioner did not comply with CPLR 304]; VSL Corp. v Dunes Hotels & Casinos, 70 NY2d 948, 949 [1998] ["The Appellate Division acted outside of its authority in sua sponte dismissing the complaint on forum non conveniens grounds. Under CPLR 327 (a) a court may stay or dismiss an action in whole or in part on forum non conveniens grounds only upon the motion of a party; a court does not have the authority to invoke the doctrine on its own motion"]; Matter of Travelers Indem. Co. of Ill. v Nnamani, 286 AD2d 769, 770 [2d Dept 2001] [Reversing order dismissing petition where court had no authority in absence of motion to change venue required by statute]).
There is another simple but important reason why a request for relief in reply or opposition papers is improper. A request for relief made in the absence of a notice of cross motion is not a "motion . . . made upon notice" (CPLR 5701 [a] [2]), so an order granting or denying the request is not appealable as of right, and permission to appeal is necessary (see CPLR 5701 [c]; Blam v Netcher, 17 AD3d 495, 496 [2d Dept 2005]). By contrast, generally, a party may appeal as of right to challenge the disposition of a motion or cross motion made on notice (see CPLR 5701 [a]). Thus, by failing to move on notice, a defendant not only prejudices a plaintiff by failing to provide the required notice, but a plaintiff is then placed in the unenviable position of attempting to appeal from an order that, from a technical point of view, is not appealable as of right. Although this issue is not presented in this appeal, it nonetheless illustrates the impropriety of the procedural missteps taken here. Thus, we conclude that the court erred in sua sponte dismissing the complaint "with prejudice."
Defendants also did not move to dismiss on the ground that plaintiff failed to obtain personal jurisdiction (see CPLR 3211 [a] [8]). It is axiomatic that, if a defendant moves to dismiss pre-answer without raising the defense of lack of personal jurisdiction, the defense is waived (see CPLR 3211 [e]; Addesso v Shemtob, 70 NY2d 689, 690 [1987]). The majority does not address plaintiff's waiver of personal jurisdiction contention, although it was directly raised in Supreme Court and briefed by plaintiff on appeal. In any event, we fail to see how by moving only on CPLR 3211 (a) (5) and (7) grounds, defendants did not waive any objection based on a lack of personal jurisdiction with respect to the lack of service of the original complaint. Thus, we conclude that defendants waived any objection or defense with respect to lack of personal jurisdiction and, to the extent the court dismissed the complaint on this ground, the court also erred.
We also disagree with the majority that plaintiff's first and second causes of action are time-barred. There is no dispute that plaintiff was terminated from her employment on October 16, 2014. Thus, with respect to the first and second causes of action, plaintiff was required to [*4]commence her action within four months of such termination (see CPLR 217 [2] [a]). Here, it is undisputed that plaintiff filed the original summons and complaint on February 10, 2015, within the four-month period. This filing commenced the action and tolled the statute of limitations (see CPLR 203 [c]).
A party may amend a pleading without leave of court at any time before the period for responding to it has expired (see CPLR 3025 [a]). On May 21, 2015, plaintiff filed an amended summons and complaint. This amendment did not add a new party or otherwise change the names or identities of the defendants named in the original pleadings. Instead, the amendment added a fifth cause of action against the PBA based upon an alleged violation of 42 USC § 1981. Using the date of the filing of the amended complaint as the commencement date for statute of limitations purposes with respect to the first and second causes of action, the majority concludes that the new cause of action in the amended complaint does not relate back to the original. We respectfully disagree and therefore further dissent in part.
As a result of the Legislature's decision in 1992 to convert New York to a commencement-by-filing system (see CPLR 304), as compared to a commencement-by-service system, under CPLR 203 (c) the moment of commencement by filing "constitutes the crucial date for determining whether the [s]tatute of [l]imitations is satisfied" (Matter of Spodek v New York State Commr. of Taxation & Fin., 85 NY2d 760, 763 [1995]). "As a result, service of process on the defendant no longer marks interposition of a claim for [s]tatute of [l]imitations purposes" (id.).
The amendment of a complaint to assert a new cause of action may be allowed, even where it would be time-barred standing alone, if the new cause of action relates back to the facts, circumstances and proof underlying the original complaint (see Caffaro v Trayna, 35 NY2d 245, 249 [1974]; Pinchback v City of New York, 51 AD2d 733, 733-734 [2d Dept 1976]). The CPLR 203 (f) "relation-back doctrine" permits a plaintiff "to interpose a claim or cause of action which would ordinarily be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (Pendleton v City of New York, 44 AD3d 733, 736 [2d Dept 2007]). We note that the majority incorrectly relies upon cases that involve attempts to invoke the CPLR 203 (b) relation-back doctrine to add a new party in an amended pleading (see Buran v Coupal, 87 NY2d 173, 177-178 [1995]; Cole v Tat-Sum Lee, 309 AD2d 1165, 1167 [4th Dept 2003]). The multi-pronged analysis of the relation-back doctrine with respect to adding a new defendant is a creature of the common law (see Mondello v New York Blood Ctr.Greater N.Y. Blood Program, 80 NY2d 219, 226 [1992]). All three prongs must be met for the CPLR 203 (b) relation-back remedy to be operative with respect to adding a new defendant (see id.). The relation back of amendments adding new defendants implicates more serious policy concerns than simply the relation back of new causes of action under CPLR 203 (f) (see Buran, 87 NY2d at 178). Here, however, plaintiff made no attempt to add a new party, and thus the majority's multi-pronged common-law analysis is inappropriate.
"A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [f]). It is a long-established and "well-settled rule of pleading that where an amended pleading is served, it takes the place of the original pleading, and the action proceeds as though the original pleading had never been served" (New York Insulated Wire Co. v Westinghouse Elec. & Mfg. Co., 85 Hun 269 [1st Dept 1895] [emphasis added]). Although the majority offers the superficial conclusion that plaintiff's amended complaint was filed and served "outside the timeframes" of CPLR 3025 (a), it offers no analysis or specifics as to what time frame applied to the amended complaint, when that time frame expired, and what the triggering event was that started any such time frame. The applicable triggering events for amendment of a pleading without leave of the court are service of the amended pleading within 20 days after service of the pleading; at any time before expiration of the period for responding; or within 20 days of a pleading responding to the original pleading (see CPLR 3025 [a]). None of those events occurred here with respect to the original complaint. The majority also concludes that defendants did not waive any objection to the "propriety" of the amended complaint because they moved pursuant to CPLR 3211 (a) (5) and (7). However, neither of those grounds challenged the procedural "propriety" of the filing or service of an [*5]amended complaint. Defendants' moving papers failed to so much as mention CPLR 3025 or any impropriety with the amendment of the complaint.
Here, defendants simply assume that the commencement of the action by the original filing disappeared or was somehow purged by the failure to serve the original summons and complaint and the filing and service of the amended complaint. While the complaint may have been superseded by the amended complaint, the commencement of the action was not and clearly could not have been superseded by the amended complaint. Defendants and the majority conflate the concepts of commencement by filing with obtaining personal jurisdiction by service of process. The Legislative change from a commencement-by-service system to a commencement-by-filing system segregated these concepts and made them mutually exclusive. Under the new system, problems with service no longer prevent timely commencement of an action.
In summary, we conclude that defendants waived any objection based upon lack of service of the original complaint; the court exceeded its authority in sua sponte dismissing the original complaint; pursuant to CPLR 203 (f) the amended complaint, which only added a new cause of action and not a new party, relates back to the timely commencement of the action by the filing of the original complaint; and the first and second causes of action are not time-barred. We would therefore modify the order and judgment in appeal No. 2 accordingly.
We concur with the majority with respect to the dismissal of the
third through fifth causes of action.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court