Estate of Smulewicz v Meltzer, Lippe, Goldstein & Breitstone, LLP (2018 NY Slip Op 02722)





Estate of Smulewicz v Meltzer, Lippe, Goldstein & Breitstone, LLP


2018 NY Slip Op 02722


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6340 152264/16

[*1]Estate of Renate Smulewicz, et al., Plaintiffs-Appellants,
v
Meltzer, Lippe, Goldstein & Breitstone, LLP, Defendant-Respondent.


Peyrot & Associates, P.C., New York (David C. Van Leeuwen of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City (Noah Nunberg of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 16, 2017, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.
Defendant established its entitlement to dismissal on statute of limitation grounds by submitting evidence that the malpractice occurred in 2008, but plaintiff did not commence this action until March 2016, well beyond the three-year limitation period for legal malpractice (CPLR 214[6]; see McCoy v Feinman, 99 NY2d 295, 301 [2002]; Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994]; Glamm v Allen, 57 NY2d 87, 93 [1982]). Even accepting plaintiffs' continuous-representation argument, there is no evidence that such continued representation went beyond, at most, July 16, 2012, which still renders plaintiffs' action untimely. Plaintiffs' argument that the limitation period was tolled by the decedent's alleged dementia is also unavailing, as there is no evidence that the decedent suffered from such disability at the time the claim accrued (CPLR 208), or that it rendered her "unable to protect [her] legal rights because of an over-all inability to function in society" (McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]; see Burgos v City of New York, 294 AD2d 177 [1st Dept 2002]).
Furthermore, the court properly rejected plaintiffs' argument for further discovery, as plaintiffs offer no basis to conclude that additional discovery would lead to evidence of additional continuous representation by defendant or of the decedent's mental condition at the time the claim accrued. "The mere hope that discovery may reveal a course of continuous treatment. . ., does not warrant denial of the motion [to dismiss]" (Cracolici v Shah, 127 AD3d 413, 413 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK