Matter of Delaware Operations Assoc. LLC v New York State Dept. of Health (2020 NY Slip Op 05357)





Matter of Delaware Operations Assoc. LLC v New York State Dept. of Health


2020 NY Slip Op 05357


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


537 CA 19-01801

[*1]IN THE MATTER OF DELAWARE OPERATIONS ASSOCIATES LLC, DOING BUSINESS AS BUFFALO CENTER FOR NURSING AND REHABILITATION, PETITIONER-APPELLANT,
v
NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT-RESPONDENT.






COWART DIZZIA LLP, NEW YORK CITY (JENNIFER J. NEARY OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered March 15, 2019 in a CPLR article 78 proceeding. The order and judgment granted the motion of respondent to dismiss the petition, denied the cross motion of petitioner for an extension of time to effectuate service and dismissed the petition. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding seeking to annul a determination by respondent New York State Department of Health (DOH) that petitioner was ineligible for Medicaid reimbursement for the costs of medical assistance provided to one of its residents, petitioner appeals from an order and judgment that, inter alia, granted DOH's motion to dismiss the petition on the ground that petitioner failed to timely serve the notice of petition and petition and denied petitioner's cross motion for an extension of time to effectuate service. We affirm.
Petitioner contends that Supreme Court should have granted its cross motion for an extension of time to effectuate service pursuant to CPLR 306-b "in the interest of justice." It is well settled that the determination to grant such "[a]n extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001]; see Moss v Bathurst, 87 AD3d 1373, 1374 [4th Dept 2011]). Factors the court may consider in making that determination include petitioner's "diligen[t efforts at service] or lack thereof, along with . . . [the] expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a [petitioner's] request for the extension of time, and prejudice to the [respondent]" (Leader, 97 NY2d at 105-106).
After weighing the relevant factors, we conclude that the court did not abuse its discretion in denying the cross motion (see generally Swaggard v Dagonese, 132 AD3d 1395, 1396 [4th Dept 2015]; Matter of Ontario Sq. Realty Corp. v LaPlant, 100 AD3d 1469, 1469 [4th Dept 2012]; Moss, 87 AD3d at 1374). Here, petitioner's lack of diligence in attempting to effectuate service—i.e., the absence of any evidence that petitioner attempted to serve DOH, among others, during the relevant time frame—weighs heavily in favor of denying its cross motion (cf. Moundrakis v Dellis, 96 AD3d 1026, 1027 [2d Dept 2012]; Stryker v Stelmak, 69 AD3d 454, 455 [1st Dept 2010]). We note that petitioner did not promptly request an extension of time; indeed, it did not even discover its error until after DOH moved to dismiss the petition on the ground of untimely service.
Also heavily weighing against granting an extension of time is the lack of merit to the underlying proceeding (see generally Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1357-1358 [3d Dept 2013]). Given the deference accorded to an agency's interpretation of its own regulations (see Matter of Elcor Health Servs. v Novello, 100 NY2d 273, 280 [2003]), it is highly unlikely that the court would have annulled DOH's determination that petitioner was not entitled to reimbursement through Medicaid of the cost of providing medical care to its resident because she did not qualify for the undue hardship exception (see Matter of Conners v Berlin, 105 AD3d 1208, 1210-1211 [3d Dept 2013]; see also 18 NYCRR 360-4.10 [a] [12] [iii]). To the extent that the remaining factor favors granting petitioner an extension of time, we conclude that it does not outweigh the factors supporting denial.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court