Matter of Hall v Zucker (2022 NY Slip Op 00789)





Matter of Hall v Zucker


2022 NY Slip Op 00789


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1118 TP 20-01235

[*1]ADMINISTRATOR OF THE ESTATE OF JOSEPHINE HALL, DECEASED, PETITIONER,
v
HOWARD A. ZUCKER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF HEALTH, SAMUEL D. ROBERTS, COMMISSIONER, NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE AND STACY ALVORD, COMMISSIONER, OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS. 






YANG-PATYI LAW FIRM, PLLC, SYRACUSE (JOSEPHINE YANG-PATYI OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS HOWARD A. ZUCKER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF HEALTH, AND SAMUEL D. ROBERTS, COMMISSIONER, NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE. 
RICHARD C. MITCHELL, COUNTY ATTORNEY, OSWEGO, FOR RESPONDENT STACY ALVORD, COMMISSIONER, OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oswego County [Norman W. Seiter, Jr., J.], entered April 17, 2018) to annul an amended determination of respondents. The amended determination denied applications of petitioner's decedent for Medicaid benefits. 
It is hereby ORDERED that the amended determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner, as voluntary administrator of the estate of Josephine Hall (decedent), commenced this CPLR article 78 proceeding seeking to annul the amended determination of the New York State Department of Health (respondent) denying, after a fair hearing, an application for Medicaid benefits on behalf of decedent. Petitioner challenges respondent's conclusion that decedent did not qualify for a hardship waiver of the determination that she was ineligible for medical assistance (MA) because her husband transferred assets for less than fair market value within the 60-month look-back period. We conclude that respondent's "resolution [is] supported by substantial evidence upon the whole record" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]), and we therefore confirm the amended determination.
"In determining the MA eligibility of an institutionalized individual, any transfer of assets for less than fair market value made by the individual or the individual's spouse within or after the look-back period will render the individual ineligible for nursing facility services" (18 NYCRR 360-4.4 [c] [2] [ii]). An exception applies where it is determined that the denial of eligibility will result in an undue hardship which, as relevant here, requires a demonstration that "the institutionalized individual is unable to obtain appropriate medical care without the provision of MA . . . [and that,] despite his or her best efforts, the institutionalized individual or [*2]the individual's spouse is unable to have the transferred asset returned or to receive fair market value for the asset. Best efforts include cooperating, as deemed appropriate by the commissioner of the social services district, in efforts to seek the return of the asset" (18 NYCRR 360-4.4 [c] [2] [iii] [e] [2]-[3]).
Here, substantial evidence supports respondent's conclusion that there was no indication that decedent would be unable to obtain appropriate medical care if she did not receive MA (see Matter of Weiss v Suffolk County Dept. of Social Servs., 121 AD3d 703, 705 [2d Dept 2014]; Matter of Conners v Berlin, 105 AD3d 1208, 1210-1211 [3d Dept 2013]; see also Matter of Delaware Operations Assoc. LLC v New York State Dept. of Health, 187 AD3d 1560, 1562 [4th Dept 2020]). With respect to decedent's alleged inability to have the transferred assets returned, respondent concluded that the evidence presented in support of that claim was not credible, and " '[i]ssues of witness credibility are . . . for the administrative agency to resolve in the exercise of its exclusive fact-finding authority' " (Matter of Hall v Shah, 100 AD3d 1357, 1360 [4th Dept 2012]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court