Blount v Verizon

2026 NY Slip Op 02918

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Moshonda Blount, Plaintiff-Respondent,

v

Verizon, Defendant-Respondent, Spectrum, Charter Communications Inc., Defendant-Appellant.

Decided and Entered: May 12, 2026

Index No. 158977/23|Appeal No. 6581|Case No. 2025-03708|

Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'neill Levy, JJ.

Newman Myers Kreines Harris, P.C., New York (Charles W. Kreines of counsel), for appellant.

Shakhnevich Law Group P.C., Brooklyn (Andrei A. Popesku of counsel), for Moshonda Blount, respondent.

[*1]

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered May 13, 2025, which, to the extent appealed from, denied Charter Communications Inc.'s motion to dismiss the complaint and amended complaint pursuant to CPLR 3211(a)(8) and CPLR 306-b, and granted plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend her complaint and pursuant to CPLR 306-b for an extension of time to serve defendants, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in granting plaintiff leave to amend and in extending plaintiff's time to serve the amended complaint in the interest of justice (see CPLR 306-b, 3025[b]). Although plaintiff failed to serve Charter within the 120-day period provided in CPLR 306-b (see Cracolici v Shah, 127 AD3d 413, 414 [1st Dept 2015]), plaintiff demonstrated that Charter had actual notice of plaintiff's claim shortly after plaintiff filed the original pleadings, that she has a potentially meritorious claim, that the statute of limitations expired, and that she ultimately effectuated service on Charter (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105 [2001]). Charter failed to show that it was prejudiced by the extension as there is no evidence on this record that the delay in service impaired Charter's ability to investigate the claim or defend it on the merits, and "the mere passage of time is insufficient to create prejudice" (see Galindo v Doherty, 234 AD3d 571, 571 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026