Matter of Mahoney v Village of Springville
2026 NY Slip Op 04078
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF SEAN MAHONEY, PETITIONER-PLAINTIFF-RESPONDENT,
v
THE VILLAGE OF SPRINGVILLE, THE VILLAGE OF SPRINGVILLE BOARD OF TRUSTEES, AND TIMOTHY MICHAELS, RUSS BELSCHER, MARY PADASAK, LINDSAY BUNCY, AND JESSICA SCHUSTER, SAID PERSONS CONSTITUTING THE VILLAGE OF SPRINGVILLE BOARD OF TRUSTEES, RESPONDENTS-DEFENDANTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
355 CA 25-01311
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

LIPPES MATHIAS LLP, BUFFALO (SVETLANA K. IVY OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.
LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (John L. DelMonte, J.), entered July 23, 2025. The order, inter alia, granted petitioner an extension of time to serve pleadings.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this hybrid CPLR article 78 proceeding and action under 42 USC § 1983, petitioner-plaintiff (petitioner) seeks a judgment vacating and annulling the decision of respondent-defendant Village of Springville Board of Trustees terminating his employment with respondent-defendant Village of Springville as well as awarding damages for his alleged wrongful termination. Respondents-defendants (respondents) appeal from an order of Supreme Court that, inter alia, granted petitioner's request for affirmative relief extending his time to serve the amended notice of petition-summons and petition-complaint pursuant to CPLR 306-b in the interest of justice. We affirm.
It is "well settled that the determination to grant '[a]n extension of time for service is a matter within the court's discretion' " (Moss v Bathurst, 87 AD3d 1373, 1374 [4th Dept 2011]; see Matter of Delaware Operations Assoc. LLC v New York State Dept. of Health, 187 AD3d 1560, 1561 [4th Dept 2020]). Here, upon consideration of the relevant factors (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]), including the expiration of the statute of limitations, the potentially meritorious nature of petitioner's causes of action against respondents, and respondents' failure to show any prejudice, we conclude that the court did not abuse its discretion in granting petitioner's request for an extension of time for service (see Doe v D'Angelo, 154 AD3d 1300, 1301 [4th Dept 2017]; Moss, 87 AD3d at 1374; Busler v Corbett, 259 AD2d 13, 17 [4th Dept 1999]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court